[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-11644

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD M. REYNOLDS,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:06-cr-00081-DHB-BKE-2

————————————————

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Donald Reynolds, a federal prisoner, appeals the district court's denial of his second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), alleging the district court ignored his sentencing-disparity argument. Specifically, Reynolds contends that the district court abused its discretion by not addressing his argument about the "disparity" between his sentence and that of his codefendant. After careful consideration, we affirm.

We review the district court's denial of a Section 3582(c)(1)(A) motion for abuse of discretion. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous. *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015).

District courts have discretion to reduce a criminal defendant's sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission's policy statement governing compassionate release enumerates those reasons that justify relief. *United States v. Bryant*, 996 F.3d 1243, 1251−52 (11th Cir. 2021); U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). The district court must also determine whether "the § 3553(a) sentencing factors favor" reducing the defendant's sentence. *United States v.*

*Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). "Because all three conditions— i.e., support in § 3553(a) factors, extraordinary and compelling reasons, and adherence to the § 1B1.13's policy statement— are necessary, the absence of even one would foreclose a sentence reduction." *Id.* at 1237–38.

The weight given to any of the Section 3553(a) factors is "committed to the sound discretion of the district court." *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016); *accord United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013). The court need not state that it has explicitly considered each of the Section 3553(a) factors or discuss each factor. *Kuhlman*, 711 F.3d at 1326. "Instead, an acknowledgment by the district court that it considered the § 3553(a) factors and the parties' arguments is sufficient." *Tinker*, 14 F.4th at 1241 (internal citation omitted).

In effect, Reynolds's argument is that the district court abused its discretion because it did not specifically address one of the Section 3553(a) factors—the need to avoid unwarranted sentencing disparities—when it denied his motion for compassionate release. That the district court did not specifically discuss that factor is not error. Rather, the court expressly discussed several Section 3553(a) factors, concluding they weighed heavily against releasing Reynolds sixteen years early. Such discussion is sufficient "to satisfy the reviewing court of the fact that [the district court] has considered the parties' arguments and has a reasoned basis for making its decision." *Kuhlman*, 711 F.3d at 1326. Because Reynolds's challenge to the district court's evaluation of the Section

4                    Opinion of the Court                    22-11644

3553(a) factors fails, his challenge to the denial of his motion for compassion release does too. *See Tinker*, 14 F.4th at 1237–38. The district court, thus, did not abuse its discretion by denying Reynolds's motion for compassionate release.

The district court is **AFFIRMED**.